UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RAPHAEL NIEVES,

                               Plaintiffs,

          -against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

<u>Jury Trial Demanded</u>

       Plaintiff RAPHAEL NIEVES, by his attorney, Robert Marinelli, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from the arrest of plaintiff RAPHAEL NIEVES on September 30, 2016, without probable cause and in violation of his rights under state and federal law.

### JURISDICTION AND VENUE

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a)

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

### PARTIES

1. The Plaintiff RAPHAEL NIEVES ("plaintiff") is and was at all times relevant herein a resident of Kings County, New York.

2. Defendant CITY OF NEW YORK ("City") is a municipal corporation duly organized

1

and existing under and by virtue of the laws of the State of New York.

3. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

4. That at all times hereinafter mentioned, the individually named defendants, JOHN AND JANE DOE 1 through 10, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

5. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

6. Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## STATEMENT OF FACTS

7. On or about September 6, 2016, plaintiff RAPHAEL NIEVES entered his apartment and was chased upstairs by the Doe defendants.

8. The officers kicked open plaintiff's door and attempted to arrest him over an expired order of protection.

9. Plaintiff attempted to show the officers paperwork showing that the order of protection was no longer in effect.

10. Plaintiff then called his lawyer.

11. Enraged, the Doe officers grabbed plaintiff, threw him to the ground and proceeded to

punch and kick plaintiff.

12. As a result plaintiff received injuries to his wrists, shoulder, lower back, knee, head and face.

13. As a result of these injuries plaintiff was ultimately taken to Woodhull Hospital for treatment.

14. While at Woodhull Hospital plaintiff was handcuffed to the bed the entire time.

15. After being released plaintiff was taken to central booking in Brooklyn.

16. On June 28, plaintiff's hemoglobin levels rose to a safe level and stabilized, so he was released from the hospital and taken to the precinct.

17. After several hours, he was taken to Central Booking, where he was released without seeing a judge.

18. All of the above occurred as a direct result of the unconstitutional policies, customs, and practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

19. The aforesaid is not an isolated incident, defendant City is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: reporting misconduct of other officers; the use of excessive force; and training employees in the care and custody of people with sickle cell anemia.

20. Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them, particularly with regard to the care and

custody of inmates with sickle cell anemia.

21. Defendant City is further aware that such improper supervision and training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

22. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27. As a result of the foregoing, plaintiff sustained, *inter alia*, physical and psychological injuries, pain, and mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

28. As a result of the foregoing, plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIRST CAUSE OF ACTION
(Unreasonable Search)

29. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

30. Defendants unreasonably searched plaintiff thereby causing plaintiff to suffer emotional distress, embarrassment, humiliation, and loss of privacy.

31. Defendants violated the Fourth and Fourteenth Amendments due to their unreasonable search.

32. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest)

33. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

34. Defendants unreasonably searched plaintiff thereby causing plaintiff to suffer emotional distress, embarrassment, humiliation, and loss of privacy.

35. Defendants violated the Fourth and Fourteenth Amendments due to their unreasonable search.

36. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force)

37. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probably cause.

39. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene)

40. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

41. Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

43. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability)

44. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD included, but were not limited to, police officers: failing to report misconduct of other officers; using excessive force against individuals; unlawfully searching individuals; and unlawfully seizing an individual's personal property.

47. In addition, the City engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights

of plaintiffs.

49. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, plaintiff was subjected to excessive force and he was unlawfully arrested.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    a. To be free from false arrest/unlawful imprisonment;

    b. To be free from unreasonable search and seizure;

    c. To be free from excessive force; and

    d. To be free from the unnecessary and wanton infliction of pain caused by intentionally denying or delaying access to medical care and intentionally interfering with the treatment prescribed.

54. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A. full and fair compensatory damages in an amount to be determined by a jury;

B. punitive damages against the individual defendants in an amount to be determined by a jury;

C. reasonable attorneys' fees and the costs and disbursements of this action; and

D. such other and further relief as appears just and proper.

DATED: February 5, 2019
New York, New York

                                                  /s
                                        Robert Marinelli, Esq.
                                        305 Broadway, Suite 1001
                                        New York, New York 10007
                                        (212) 822-1427

*Attorney for Plaintiff*