UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

RAFAEL NIEVES,

                              Plaintiff,

               -against-

CITY OF NEW YORK; JOHN AND JANE DOES 1 THROUGH 10; P.O. DANIEL GREEN; P.O. KEVIN LLERENA; SGT. ROCCO TOSCANO; P.O. PATRICK MCGRATH; P.O. VALKAN MADEN; P.O. JESSICA SCHRELL; NICK RADULESCU; P.O. MICHAEL THORNAN,

                              Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

19 CV 0716 (NGG) (SJB)

Jury Trial Demanded

------------------------------------------------------------------------- x

        Defendant City of New York ("City") by its attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, as and for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" on page 1 of 10 of the amended complaint designated "Nature of the Action," except admits that plaintiff purports to proceed and seek relief as stated therein.

        2.     Denies the allegations set forth in paragraph "2" on page 1 of 10 of the amended complaint designated "Jurisdiction and Venue," except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" on page 1 of 10 of the amended complaint designated "Jurisdiction and Venue," except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" on page 2 of 10 of the amended complaint designated "Jurisdiction and Venue," except admits that plaintiff purports to base venue as stated therein.

5. Paragraph "5" on page 2 of 10 of the amended complaint designated "Jury Demand" is a demand for trial by jury to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" on page 2 of 10 of the amended complaint designated "Parties."

7. Denies the allegations set forth in paragraph "2" on page 2 of 10 of the amended complaint designated "Parties," except admits that the City of New York is a municipal organization created under the laws of the State of New York.

8. Denies the allegations set forth in paragraph "3" on page 2 of 10 of the amended complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" on page 2 of 10 of the amended complaint, except admits that, on or about September 6, 2016, P.O. Daniel Green was employed by the City of New York as a police officer and was assigned Shield No. 12572, P.O. Kevin Llerena was employed by the City of New York as a police officer and was assigned Shield No. 23687, Sgt. Rocco Toscano was employed by the City of New York as a Sergeant and was assigned Shield No. 2452, P.O. Patrick McGrath was employed by the City of New York as a police officer and was assigned Shield No. 17849, P.O. Volkan Maden was employed by the City of New York as

4. Denies the allegations set forth in paragraph "4" on page 2 of 10 of the amended complaint designated "Jurisdiction and Venue," except admits that plaintiff purports to base venue as stated therein.

5. Paragraph "5" on page 2 of 10 of the amended complaint designated "Jury Demand" is a demand for trial by jury to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" on page 2 of 10 of the amended complaint designated "Parties."

7. Denies the allegations set forth in paragraph "2" on page 2 of 10 of the amended complaint designated "Parties," except admits that the City of New York is a municipal organization created under the laws of the State of New York.

8. Denies the allegations set forth in paragraph "3" on page 2 of 10 of the amended complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" on page 2 of 10 of the amended complaint, except admits that, on or about September 6, 2016, P.O. Daniel Green was employed by the City of New York as a police officer and was assigned Shield No. 12572, P.O. Kevin Llerena was employed by the City of New York as a police officer and was assigned Shield No. 23687, Sgt. Rocco Toscano was employed by the City of New York as a Sergeant and was assigned Shield No. 2452, P.O. Patrick McGrath was employed by the City of New York as a police officer and was assigned Shield No. 17849, P.O. Volkan Maden was employed by the City of New York as

a police officer and was assigned Shield No. 014352, P.O. Jessica Schrell was employed by the City of New York as a police officer and was assigned Shield No. 26482, P.O. Nick Radulescu was employed by the City of New York as a police officer and was assigned Shield No. 19761, and P.O. Michael Thornan was employed by the City of New York as a police officer and was assigned Shield No. 15408.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" on page 2 of 10 of the amended complaint, except states that the allegation that defendants "were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York" is a legal conclusion, and accordingly, no response thereto is required.

11. Denies the allegations set forth in paragraph "6" on page 3 of 10 of the amended complaint, except states that the allegation that defendants were "acting within the scope of their employment" is a legal conclusion, and accordingly, no response thereto is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" on page 3 of 10 of the amended complaint, except admits that, upon information and belief, on or about September 6, 2016, plaintiff entered the premises of 236 Montrose Avenue, Brooklyn, New York.

13. Denies the allegations set forth in paragraph "8" on page 3 of 10 of the amended complaint, except admits that NYPD police officers lawfully gained entry into the apartment into which plaintiff fled.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" on page 3 of 10 of the amended complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" on page 3 of 10 of the amended complaint.

16. Denies the allegations set forth in paragraph "11" on page 3 of 10 of the amended complaint, except admits that, upon information and belief, NYPD officers utilized reasonable and necessary force to detain plaintiff.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" on page 3 of 10 of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" on page 3 of 10 of the amended complaint, except admits that, on or about September 6, 2016, plaintiff was transported to Woodhull Medical Center.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" on page 3 of 10 of the amended complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" on page 3 of 10 of the amended complaint, except admits that, on or about September 6, 2016, plaintiff was transported to Brooklyn Central Booking.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" on page 3 of 10 of the amended complaint.

22. Denies the allegations set forth in paragraph "17" on page 3-4 of 10 of the amended complaint.

- 5 -

23. Denies the allegations set forth in paragraph "18" on page 4 of 10 of the amended complaint.

24. Denies the allegations set forth in paragraph "19" on page 4 of 10 of the amended complaint.

25. Denies the allegations set forth in paragraph "20" on pages 4 of 10 of the amended complaint.

26. Denies the allegations set forth in paragraph "21" on page 4 of 10 of the amended complaint, except states that the allegations concerning whether the defendants were acting "under the color of state law" are conclusions of law rather than averments of fact, and accordingly, no response thereto is required

27. Denies the allegations set forth in paragraph "22" on page 4 of 10 of the amended complaint.

28. Denies the allegations set forth in paragraph "23" on pages 4-5 of 10 of the amended complaint, except further states that the allegations concerning whether the defendants were acting "with the entire actual and/or apparent authority" are conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

29. Denies the allegations set forth in paragraph "24" on page 5 of 10 of the amended complaint.

30. Denies the allegations set forth in paragraph "25" on page 5 of 10 of the amended complaint, except states that the allegation that defendants acted "under color of state law" is a legal conclusion, and accordingly, no response thereto is required.

31. Denies the allegations set forth in paragraph "26" on page 5 of 10 of the amended complaint.

32. Denies the allegations set forth in paragraph "27" on page 5 of 10 of the amended complaint.

33. In response to the allegations set forth in paragraph "28" on page 5 of 10 of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer to the amended complaint, as if fully set forth herein.

34. Denies the allegations set forth in paragraph "29" on page 5 of 10 of the amended complaint.

35. Denies the allegations set forth in paragraph "30" on pages 5-6 of 10 of the amended complaint.

36. Denies the allegations set forth in paragraph "31" on page 6 of 10 of the amended complaint.

37. In response to the allegations set forth in paragraph "32" on page 6 of 10 of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer to the amended complaint, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "33" on page 6 of 10 of the amended complaint.

39. Denies the allegations set forth in paragraph "34" on page 6 of 10 of the amended complaint.

40. Denies the allegations set forth in paragraph "35" on page 6 of 10 of the amended complaint.

41. In response to the allegations set forth in paragraph "36" on page 6 of 10 of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer to the amended complaint, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "37" on page 6 of 10 of the amended complaint.

43. Denies the allegations set forth in paragraph "38" on pages 6-7 of 10 of the amended complaint.

44. In response to the allegations set forth in paragraph "39" on page 7 of 10 of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer to the amended complaint, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "40" on page 7 of 10 of the amended complaint.

46. Denies the allegations set forth in paragraph "41" on page 7 of 10 of the amended complaint.

47. Denies the allegations set forth in paragraph "42" on page 7 of 10 of the amended complaint.

48. In response to the allegations set forth in paragraph "43" on page 7 of 10 of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer to the amended complaint, as if fully set forth herein.

49. Denies the allegations set forth in paragraph "44" on page 7 of 10 of the amended complaint, except states that the allegation that defendants acted "under color of state law" is a legal conclusion, and accordingly, no response thereto is required.

50. Denies the allegations set forth in paragraph "45" on page 8 of 10 of the amended complaint.

51. Denies the allegations set forth in paragraph "46" on page 8 of 10 of the amended complaint.

52. Denies the allegations set forth in paragraph "47" on page 8 of 10 of the amended complaint.

53. Denies the allegations set forth in paragraph "48" on page 8 of 10 of the amended complaint.

54. Denies the allegations set forth in paragraph "49" on page 8 of 10 of the amended complaint.

55. Denies the allegations set forth in paragraph "50" on page 8 of 10 of the amended complaint.

56. Denies the allegations set forth in paragraph "51" on pages 8-9 of 10 of the amended complaint, except states that the allegations that defendants acted "under color of state law" are legal conclusions, and accordingly, no response thereto is required.

57. Denies the allegations set forth in paragraph "52" on page 9 of 10 of the amended complaint and its subparts.

58. Denies the allegations set forth in paragraph "53" on page 9 of 10 of the amended complaint.

**FIRST AFFIRMATIVE DEFENSE:**

59. The amended complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

60. Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

61. At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City of New York is entitled to governmental immunity from liability.

**FOURTH AFFIRMATIVE DEFENSE:**

62. There was reasonable suspicion for any alleged stop or search.

**FIFTH AFFIRMATIVE DEFENSE:**

63. Plaintiff has failed to state a claim pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**SIXTH AFFIRMATIVE DEFENSE:**

64. To the extent that the amended complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

### **SEVENTH AFFIRMATIVE DEFENSE:**

65. Probable cause existed for plaintiff's arrest and detention.

### **EIGHTH AFFIRMATIVE DEFENSE:**

66. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### **NINTH AFFIRMATIVE DEFENSE:**

67. Plaintiff has failed to mitigate his alleged damages.

### **TENTH AFFIRMATIVE DEFENSE:**

68. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not the proximate result of any act of defendant.

### **ELEVENTH AFFIRMATIVE DEFENSE**

69. Plaintiff initiated any incident.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           September 10, 2019

>                    GEORGIA M. PESTANA
>                    Acting Corporation Counsel
>                         of the City of New York
>                    *Attorney for Defendant City of New York*
>                    100 Church Street, Rm. 3-209
>                    New York, New York 10007
>                    (212) 356-2375
>                    nakshah@law.nyc.gov
>
>                    By:            /s/
>                        _____
>                        NAKUL Y. SHAH
>                        Assistant Corporation Counsel
>                        Special Federal Litigation Division

cc:     Robert Marinelli, Esq., *Attorney for Plaintiff* (by ECF)

Docket No. 19 CV 0716 (NGG) (SJB)

| UNITED STATES DISTRICT COURT |
| EASTERN DISTRICT OF NEW YORK |

RAFAEL NIEVES,

                         Plaintiff,

-against-

CITY OF NEW YORK; JOHN AND JANE DOES 1 THROUGH 10; P.O. DANIEL GREEN; P.O. KEVIN LLERENA; SGT. ROCCO TOSCANO; P.O. PATRICK MCGRATH; P.O. VALKAN MADEN; P.O. JESSICA SCHRELL; NICK RADULESCU; P.O. MICHAEL THORNAN,

                         Defendants.

## ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK

### GEORGIA M. PESTANA

Acting Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007

Of Counsel: Nakul Y. Shah
Tel: (212) 356-2375

*Due and timely service is hereby admitted.*

*New York, New York.............................................., 2019*

*.............................................................................. Esq.*

*Attorney for.........................................................................*